## IN THE FEDERAL DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **C. NEUMANN** | ) | |
| **17349 Wickstrom Road** | ) | |
| **Hardin, Missouri 64035** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **Case No.** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **ORBITAL ATK, d/b/a ALLIANT** | ) | |
| **TECHSYSTEMS a/k/a LAKE CITY** | ) | |
| **ARMY AMMUNITION PLANT** | ) | |
| | ) | |
| Serve: | ) | |
| **CT CORPORATION SYSTEM** | ) | |
| **120 South Central Avenue** | ) | |
| **Clayton, Missouri 63105** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

### I.    Preliminary Statement

1.      COMES NOW, Plaintiff, C. Neumann, by and through her attorneys of record, Kevin Baldwin and Eric Vernon of Baldwin & Vernon, and brings this cause of action against Defendant, Orbital ATK, d/b/a Alliant Techsystems, a/k/a Lake City Army Ammunition Plant, hereinafter collectively referred to as "Defendant." This action seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorneys' fees for Defendant's conduct and actions taken against Plaintiff in violation of the American's with Disabilities Act As Amended in 2008 as well as the Age Discrimination in Employment Act.

### II.    Jurisdiction & Venue

2.      This action arises under the Americans with Disabilities Act of 1990

("ADA"), as amended by the ADA Amendment Act of 2008 **("ADAAA"),** 42 USCA §12101 et. seq., and the Age Discrimination in Employment Act ("**ADEA**") 29 U.S.C. §621. Jurisdiction of Plaintiff's state law claims arises pursuant to 28 U.S.C. §1367.

3.      Jurisdiction is invoked pursuant to 42 U.S.C. 12188, 42 U.S.C. 2000a-3(a), and 42 U.S.C. 2000a-6(a); 28 U.S.C. 1331, 42 USC' 2000e- 5 (f); and 213.010 *et seq.* R.S.MO. Plaintiff timely filed her complaint of discrimination with the EEOC and Missouri Commission on Human Rights and a right - to- sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on August 19, 2016. The Right to Sue Letter, with attached Charge of Discrimination, is attached hereto as Exhibit 1 and is hereby fully incorporated as if set forth herein.

4.      Jurisdiction is proper for all state claims as the cause of action complained of accrued in Jackson County Missouri.

5.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC § 2201, 2202, 42 USC § 1981a; and 213.010 et seq. R.S.MO.

6.      The ADAAA prohibits employers from "discriminat[ing] against a qualified individual with a disability," 42 U.S.C. § 12112(a), and requires employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified [employee] with a disability," *id §* 12112(b)(5)(A).

7.      The ADEA prohibits age discrimination in employment for those who are 40 years of age or more.  29 U.S.C. §621

8.      Costs and attorneys' fees may be awarded pursuant to 42 USC § 2000e-5(k); 213.010 et seq., R.S.Mo., and Fed R Civ P 54.

9.      This action properly lies in the Western District of Missouri, pursuant to 29 USC § 1391(b), because the claim arose in this judicial district, and pursuant to 42 USC § 2000e-5(f)(3) because the unlawful employment practices were committed in this judicial district.

### III.  Parties

10.  Plaintiff C. Neumann resides at 17349 Wickstrom Road, Hardin, Missouri. Plaintiff was born on September 14, 1970.

11.  Defendant Orbital ATK, d/b/a Alliant Techsystems, a/k/a Lake City Army Ammunition Plant (hereinafter "ORBITAL ATK") is a federal enclave whose place of operation is 78 Highway, Independence, MO 64504, and, upon information and belief, at all times relevant, employed more than 50 regular employees.

12.  Prior to filing this Petition for Damages, Plaintiff sought administrative relief through the Equal Employment Opportunity Commission, the Department of Justice and the Missouri Commission on Human Rights to no avail. All jurisdictional and administrative requirements have been met by Plaintiff.

### IV.  Facts Common to All Counts

13.  Plaintiff hereby incorporates as if fully set forth herein paragraphs 1 -12. Plaintiff C. Neumann, is a 45-year-old female, who worked for 8 years and 10 months at Orbital ATK.

14.  On December 7, 2009, Plaintiff began working in Tukon. Plaintiff successfully worked there after having endured two surgeries on her left hand and one on her right hand.

15.  On September 30, 2013, Plaintiff was bumped to 50 cal gauge and weigh. Prior to this Plaintiff had never had any issues with her employment.

16.  On October 7, 2013, Plaintiff told the lead, Jack Phelps, that she needed to hand gauge instead of running the machine because of her hand surgeries.

17.  Jack Phelps then called the night manager, Joann Martinez, to whom Plaintiff explained her history of hand surgery and lasting problems.

18.  After, Plaintiff explained to them about her hand surgery they said, "you're a liability" and sent Plaintiff to afterhours medical, the fire department. Plaintiff had to go see Dr.

3

Walker.

19.     Through March 2014, Plaintiff worked in 50 cal gauge and weight and 7.62.

20.     On March 19, 2014, at approximately 2:00A.M., Plaintiff reached down to grab a tote from under the 50 cal machine and something popped in Plaintiff's left palm in her incision.

21.     The pain was severe and Plaintiff's left palm instantly turned black and blue.

22.     That morning, Plaintiff went to medical to see Dr. Marvin who ordered X-rays and an MRI. Plaintiff kept a good relationship with all the medical staff from all of her surgeries.

23.     On March 20, 2014, Dr. Marvin released Plaintiff to work full duty for Plaintiff to be able to move to Tukon on April 7, 2014.

24.     Plaintiff got her bid on wage transfer.

25.     From April 11, 2014 through November 2, 2014, Plaintiff worked in Tukon.

26.     Then, Plaintiff was bumped to packing for which she was supposed to start on November 3, 2014.

27.     During that time Plaintiff was under the care of Dr. Nouhan.

28.     On November 14, 2014 plaintiff underwent surgery on her left hand and went on short-term disability.

29.     On January 21, 2015, Plaintiff returned to wok with a restriction of no left hand use.

30.     On March 5, 2015, Plaintiff took the Functional Capacity Evaluation (FCE) to get permanent restrictions.

31.     The FCE is a four-hour test to see what the body can or cannot do to see if the individual qualifies for permanent restrictions.

32.     On April 27, 2015, there was a JAT (Job Accommodation Team) meeting where many individuals were present including, HR, Georgia Lee, wage transfer, Tina Markley, medical, Sarah Patrick or manager over packing.

33.     During this meeting they go through what positions and class of jobs one has had and see

if they can accommodate the restrictions.

34.     Georgia Lee told Plaintiff they had nothing available at that time to accommodate her restrictions but that if any class 10 job became available Plaintiff would get that job before anyone else, even if Plaintiff had less seniority, as long as they could accommodate Plaintiff's restrictions.

35.     On May 19, 2015, Plaintiff went to speak to Georgia Lee because Plaintiff had seen class 10 jobs on wage transfer.

36.     Georgia Lee was nervous and had two managers waiting in the hall with Plaintiff; one of the managers was Jamie Allison.

37.     Plaintiff then heard Jamie Allison tell Georgia Lee to get 150 temporaries in order to cover shifts all over.

38.     On May 3, 2015, Brock Scopel called Plaintiff to work in Tukon, but Plaintiff could not perform that job because of her short-term disability.

39.     When Plaintiff talked to Georgia Lee, Plaintiff made sure that seniority had nothing to do with Plaintiff's placement on a job. Georgia Lee assured Plaintiff that she (Plaintiff) would get a job before anyone else.

40.     When Plaintiff met with Georgia Lee, Plaintiff told her about the jobs that were open before they closed wage transfer.

41.     Georgia Lee told Plaintiff that she would get with Tina Markley and see if any of jobs could accommodate Plaintiff's permanent restrictions, and that she would give Plaintiff an answer before 4:00 on the 20th of the month.

42.     However, Georgia Lee never called Plaintiff.

43.     Plaintiff then called an employee who worked in building 35 and was told that there was a job for her to do, which only required lifting 5 pounds about once an hour.

44.     On May 21, 2015, Plaintiff called Tina Markley.

45.     Tina Markely told Plaintiff, "oh, none of the jobs can accommodate your restrictions."

46.     At that time, Plaintiff knew that was not true and told Tina that was not true.

47.     Plaintiff knew this was retaliation for asserting her rights to return to employment despite her disability.

48.     From there on, Plaintiff went to the plant once a month to see if any jobs were available and there were several jobs.

49.     Plaintiff tried getting copies of wage transfer list but she couldn't.

50.     In the next months, Plaintiff called a few times and left messages, seeking to get one of the jobs that could accommodate her restrictions. However, nobody returned Plaintiff's calls.

51.     On September 30, 2015, Plaintiff texted her old boss because one of Plaintiff's friends who worked in Tukon on an evening shift had resigned.

52.     Plaintiff asked Andy Waters if he needed a replacement for Pat and he said that it would be on wage transfer.

53.     Thus, Plaintiff called Georgia Lee and told her Tukon had a job available were she could perform the job with her restrictions.

54.     Georgia Lee checked and then told Plaintiff they were not going to fill that position.

55.     Defendants' have many jobs open and are filling them with temporaries.

56.     Plaintiff can perform the job in Tukon but they have denied it to her.

57.     Plaintiff believes there is no reason for her not to be working.

58.     Plaintiff checked the employee solutions website when she signed up for benefits and it states that if she had a disability and it is a federal facility they have to find a reasonable position for her.

59.     Plaintiff lost significant wages and pay.

60.    Plaintiff has experienced, is now experiencing, and will continue to experience into the indefinite future, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant's conduct.

61.    Plaintiff has suffered and will continue to suffer future pecuniary losses as a direct result of Defendant's conduct.

62.    Defendant ORBITAL ATK and its managers actively engaged in discrimination against Plaintiff with malice or in reckless indifference to her rights under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 **("ADAAA"),** 42 USCA §12101 et. seq.

63.    Plaintiff is an individual with an actual and/or perceived disability under the ADAAA, but is and was an individual who could perform the essential functions of her job and may seek reasonable accommodation under the law.

**V. Causes of Action**

**COUNT I**
**DISABILITY DISCRIMINATION BY DEFENDANT ORBITAL ATK UNDER THE ADAAA FOR FAILURE TO ACCOMODATE**

64.    Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

65.    Plaintiff has been diagnosed with repetitive motion injuries carpal tunnel and tendonitis, having been assessed as 15% permanently partially disabled as to her left wrist with a 5% partial disability to the right wrist, and is therefore considered a member of the protected category under the Americans with Disabilities Act As Amended.

66.    Plaintiff was qualified and capable of performing the essential functions of the

position and/or would have been if reasonable accommodations had been made for her handicap.

67.     Defendant's actions, as noted above, were discriminatory, continuous, arbitrary and capricious and constituted a disparity in treatment toward Plaintiff as compared to similarly situated individuals who were not disabled and, as such, Defendants' actions were unlawful employment practices in violation of Americans with Disabilities Act As Amended.

68.     Plaintiff's disability was a motivating factor in their decision to treat her disparately as compared to similarly situated non-disabled employees.

69.     Management level employees knew or should have known of the discrimination based upon his disability but failed to address the problem by failing to reasonably accommodate Plaintiff's requested accommodation.

70.     At the time these actions were taken by Defendant, Defendant and its management knew that their actions were unlawful.

71.     The actions and conduct set forth herein were outrageous and showed an evil motive and/or reckless indifference or conscious disregard for the right of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

72.     Plaintiff has been damaged by Defendants' unlawful employment actions.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.;* for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT II
## PERCEIVED DISABILITY DISCRIMINATION BY DEFENDANT ORBITAL ATK

73.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

74.     Defendants' perceived Plaintiff as being disabled due to her hands surgeries, need for medical treatment, and for her request for accommodations.

75.     By treating her disparately as compared to other similarly situated employees who had not experienced a medical malady but were still unable to fulfill their duties yet allowed to continue unabated in their employment, Defendant ORBITAL ATK by and through its managers and/or executives engaged in actions prohibited by the ADAAA.

76.     The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of perceiving the Plaintiff to have a disability and refusing to accommodate her, which constituted discrimination based on such disability.

77.     Defendant ORBITAL ATK's perception of Plaintiff as disabled was a motivating factor in the decision to no allow her to work.

78.     Plaintiff suffered a tangible job detriment as a result of Defendant's discriminatory treatment.

79.     Management level employees knew or should have known of the discrimination based on the perceived disability, but failed to address the problem, and further failed to reasonably accommodate Plaintiff's disability to allow her to return to employment.

80.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

81.     Plaintiff's disability was a motivating factor in Defendant ORBITAL ATK's

decision to treat her disparately as compared to other similarly situated employees and to refuse to accommodate her which led to her being off of work and losing her pay, vacation and other acquired benefits for a significant period of time.

82.    Plaintiff has been damaged by Defendants' unlawful employment actions.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.;* for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

**COUNT III**
**RETALITION BY DEFENDANT ORBITAL ATK**

83.    Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

84.    After Plaintiff had surgery she attempted to return to work but Defendant Orbital ATK refused to place her in a job that met her accommodation, despite the fact that there was positions available that met Plaintiff's accommodation. Plaintiff knew this and spoke against Tina Markely after being told there was no job that would meet Plaintiff's accommodations. Plaintiff knew this was retaliation for asserting her rights to return to employment despite her disability. Plaintiff was engaged in a protected activity under the law of complaining about what she believed to be discrimination.

85.    After Plaintiff voiced her disagreement, Defendant Orbital ATK would not answer her phone calls nor returned them. Furthermore, when there was a position that met Plaintiff's accommodation she was told it wouldn't be filled.

86.    Defendant ORBITAL ATK by and through its managers and/or executives

engaged in actions prohibited by the ADAAA.

87.     The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of Plaintiff's objections to what she believed was discriminatory treatment by the Defendant ORBITAL ATK in refusing to accommodate her.

88.     Plaintiff suffered a tangible job detriment as a result of Defendant's retaliatory treatment.

89.     Management level employees knew or should have known of the retaliation based, but failed to address the problem, and further failed to reasonably accommodate Plaintiff's disability to allow her to return to employment.

90.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

91.     Plaintiff's engaging in a protected activity of complaining of what she believed to be a discriminatory action was a motivating factor in Defendant ORBITAL ATK's decision to treat her disparately as compared to other similarly situated employees and to refuse to accommodate her which led to her being off of work and losing her pay, vacation and other acquired benefits for a significant period of time.

92.     Plaintiff has been damaged by Defendants' unlawful employment actions.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by 42 U.S.C. § 12101, *et seq.;* for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' fees; and for such other relief as this Court deems just and

proper.

**COUNT IV**
**AGE DISCRIMINATION BY ALL DEFENDANTS JOINTLY AND SEVERALLY**

93.     Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

94.     Plaintiff is over the age of 40, having been born in 1970, and is therefore considered a member of the protected category under the Age Discrimination in Employment Act, 29 USC ' 621 *et seq*.

95.     Defendants' actions, as noted above, constituted discrimination against the Plaintiff in violation of the ADEA.

96.     Defendants' actions, as noted above, were continuous, arbitrary and capricious and were unlawful employment practices in violation of the ADEA.

97.     Based upon the foregoing, Plaintiff's age was a motivating in Defendants' decision to not accommodate Plaintiff.

98.     At the time these actions were taken by Defendants, Defendants knew these actions were unlawful.

99.     Defendants' actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of discrimination against the Plaintiff that culminated in her disparate treatment and/or her termination from employment.

100.    Plaintiff has been damaged by Defendants' unlawful employment actions in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by the Age Discrimination in Employment Act, 29 USC ' 621 *et seq.;* for an award of compensatory and

punitive damages; for her costs expended; for her reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## VI. Prayer for Relief

Wherefore, Plaintiff prays that this Court:

a)  declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

b)  enjoin Defendant ORBITAL ATK and its managers/supervisors from engaging in such conduct;

c)  restore Plaintiff to her position with Defendant company;

d)  restore Plaintiff's lost vacation time and sick time;

e)  award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period and benefits accrual;

f)  award Plaintiff compensatory, punitive and liquidated damages against Defendant;

g)  award Plaintiff damages for emotional pain and suffering;

h)  award Plaintiff her costs and attorneys' fees; and

i)  grant such other relief as it may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues triable by a jury in this complaint.

Respectfully submitted,

By : /s/ Kevin Baldwin
Kevin Baldwin #49101

/s/Eric Vernon
Eric Vernon, #47007
11 E. Kansas Street
Liberty, MO 64068
Tel: (816) 842-1102
Fax (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net

**ATTORNEYS FOR PLAINTIF**